# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1392-17T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

J.M.C.,

     Defendant-Appellant,

and

E.C.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF E.E.C.
 and T.E.M.C.,

     Minors.

_____

Submitted March 28, 2019 – Decided April 30, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0132-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Jennifer M. Kurtz, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Christina E. Ramundo, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Linda Vele Alexander, Designated Counsel, on the brief).

PER CURIAM

In this appeal, defendant J.M.C. (Joanne)[1] challenges the Family Part's November 3, 2017 order terminating her parental rights to her son E.E.C. (Eddy), who was born in 2010, and her daughter T.E.M.C. (Tara), who was born in 2012. We affirm substantially for the reasons set forth in the comprehensive 178-page written opinion issued by the Honorable Linda Lordi Cavanaugh, J.S.C., on the same day.

---

[1] For ease of reference, and to protect the identities of the parties, all names used herein are pseudonyms.

The evidence is fully detailed in Judge Cavanaugh's opinion, and we will provide a brief summary. The Division of Child Protection and Permanency (Division) became involved with Joanne and her family at the time of Tara's birth when the hospital reported to the Division that Joanne and Tara tested positive for marijuana. The test results were inaccurate, but the Division continued to monitor Tara and the two children. E.C. (Earl) is the biological father of Eddy and Tara and is not a party to this appeal.

During 2012, Joanne was living with the children at her mother's home, but moved to a domestic violence shelter and agreed to submit to substance abuse assessments and a psychological evaluation. The psychological evaluation was conducted by Dr. Eric Kirschner. Dr. Kirschner reported Joanne had never worked, could not read and write and was receiving welfare benefits. She struggled with domestic violence in her relationship with Earl and had symptoms of impulsivity, anxiety and ADHD, as well as a borderline personality disorder and substance abuse issues. Kirschner identified a number of recommended services for Joanne, including counseling. Joanne engaged in some services but her mental health, substance abuse, unstable housing and domestic violence problems with Earl persisted for the next three years that ultimately resulted in the placement of the children back with their grandmother.

A-1392-17T3

That arrangement was short-lived because the grandmother was overly committed to caring for other children. The Division petitioned for custody, ultimately placing Eddy and Tara in foster care after other relative placements were ruled out.

Joanne's engagement with counseling services waned as her substance abuse, mental health, and unstable housing problems persisted to the point that the Division filed a complaint for guardianship in September 2016. A trial ensued in June 2017 and ended on October 31, 2017.

Based on her evaluation of the trial evidence, including the Division record and psychological and bonding evaluations, Judge Cavanaugh concluded the Division had satisfied the four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a). She specifically found Joanne had numerous opportunities to remediate her issues, including her inability or unwillingness to sever ties with Earl because of relentless domestic violence. Joanne continued to have prolonged unstable housing, financial instability, untreated mental illness and ongoing substance abuse. Because of these unmitigated issues, Joanne continued to put her children at risk of harm.

Judge Cavanaugh also found Joanne did not demonstrate an ability or willingness to alleviate the harm. Joanne was offered an extensive array of

A-1392-17T3

services including, but not limited to, mental health counseling, substance abuse counseling, food stamps, bus passes, parenting classes and vocational services. Based on the considered opinions of Dr. Kirschner and Dr. Gregory Gambone, Judge Cavanaugh concluded termination of parental rights would do more good than harm. This appeal followed.

In this appeal, Joanne raises the following points of argument:

THE TRIAL COURT ERRED IN CONCLUDING THAT THE BEST INTERESTS OF THE CHILDREN WILL BE SERVED BY TERMINATING [JOANNE'S] PARENTAL RIGHTS.

I. THE TRIAL COURT'S FINDING THAT THE CHILDREN'S SAFETY [,] HEALTH OR DEVELOPMENT WAS OR IS ENDANGERED BY THEIR RELATIONSHIP WITH [JOANNE] IS ERRONEOUS BECAUSE IT PRESUMES THAT HER PERSONAL STRUGGLES CAUSED HARM.

II. THE RECORD IS DEVOID OF SUBSTANTIAL CREDIBLE EVIDENCE THAT [JOANNE] IS UNABLE OR UNWILLING TO ELIMINATE HARM, AS SHE WAS NEVER OFFERED PROPER MENTAL HEALTH TREATMENT.

III. THE TRIAL COURT'S DECISION THAT [THE DIVISION] MADE REASONABLE EFFORTS TO FACILITATE REUNIFICATION IS ERRONEOUS BECAUSE [THE DIVISION] FAILED TO REFER [JOANNE] FOR PROPER TREATMENT, AND RELATIVES WERE ABLE TO CARE FOR THE CHILDREN.

A. [THE DIVISION] SUBJECTED [JOANNE] TO YEARS OF GENERIC SERVICES, IGNORING MOUNTING EVIDENCE THAT ITS EVALUATIONS AND PLANS WERE INADEQUATE.

B. RELATIVES WERE ABLE TO CARE FOR THE CHILDREN.

IV. TERMINATION OF [JOANNE'S] PARENTAL RIGHTS WILL DO MORE HARM THAN GOOD TO THE CHILDREN.

Based on our review of the record, we conclude that Judge Cavanaugh's factual findings are supported by substantial credible evidence, and her legal conclusions are sound in light of those findings. See N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552 (2014). In particular, we agree with the trial judge's conclusions that reasonable efforts were made by the Division to keep the family relationship intact and/or to secure placement with a relative and that termination of parental rights will not do more harm than good. We consider Judge Cavanaugh's findings unassailable.

Defendant's other arguments are unavailing and not supported by credible evidence in the record. As such, their contentions are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1392-17T3